# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

Auto-Owners Insurance Company and
Owners Insurance Company,

      Plaintiffs,

v.

John B. Franklin, III, and Marlena S.
Franklin,

      Defendants.

Civil Action No.  1:26-cv-155

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs, Auto-Owners Insurance Company ("Auto-Owners") and Owners Insurance Company ("Owners"), complaining of Defendants, John B. Franklin, III ("Mr. Franklin"), and Marlena S. Franklin ("Mrs. Franklin"), and seeking a declaratory judgment, allege and state the following:

1. This is a Complaint for a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, in which Plaintiffs seek a determination of their rights and responsibilities under specific policies of insurance issued to Mr. Franklin and Mrs. Franklin.

2. Owners is at all relevant times a corporation duly formed and existing by virtue of the laws of the State of Ohio.

3. At all times relevant to this Complaint, Owners is licensed to conduct business throughout the State of North Carolina.

4. Auto-Owners is at all relevant times a corporation duly formed and existing by virtue of the laws of the State of Michigan.

5. At all times relevant to this Complaint, Auto-Owners is licensed to conduct business throughout the State of North Carolina and the State of South Carolina.

6. Upon information and belief, Mr. Franklin and Mrs. Franklin are at all relevant times to this Complaint citizens of the State of South Carolina, with a residential address of 163 Meredith Dr., Eutawaville, South Carolina 29048.

7. Upon information and belief, Mr. Franklin and Mrs. Franklin are at all relevant times to this Complaint members of Bearly Made It LLC ("Bearly Made It"), a limited liability company formed in the State of South Carolina and with an address of 163 Meredith Dr., Eutawville, South Carolina 29048.

8. Bearly Made It acquired the property located at 275 Old Bald Mountain Rd., Black Mountain, Buncombe County, North Carolina 28711 ("Mountain House") on December 16, 2022.

9. For a short time, by deed dated June 24, 2024, recorded June 28, 2024, until the deed dated June 28, 2024, recorded July 3, 2024, title of Mountain House was transferred from Bearly Made It to Mr. Franklin and Mrs. Franklin before being transferred back to Bearly Made It, which continues to own the Mountain House.

10. On June 23, 2023, Mr. Franklin was involved in an accident on SR 2797 in Buncombe County near Black Mountain, North Carolina.

11. Owners issued a Homeowners Policy to Mr. Franklin and Mrs. Franklin for the Mountain House, bearing policy number 54-219-690-00, with policy term of December 16, 2022 to December 16, 2023 ("Homeowners Policy"), a true and correct copy of which is attached as Exhibit "A" and incorporated herein.

12. Auto-Owners issued a Personal Auto Policy to Mr. Franklin and Mrs. Franklin, bearing policy number 48-322-703-01, with policy term of March 23, 2023 to March 23, 2024 ("Personal Auto Policy"), a true and correct copy of which is attached as Exhibit "B" and incorporated herein.

13. Defendants have made a claim for bodily injury underinsured motorist ("UIM") coverage in relation to the accident on June 23, 2023 under the Homeowners Policy and Personal Auto Policy.

14. Auto-Owners has already tendered and paid $250,000 in UIM coverage under the Personal Auto Policy.

15. However, Defendants are seeking more than $75,000 in UIM coverage under the policies, over the $250,000 already tendered and paid by Auto-Owners under the Personal Auto Policy, and the amount in controversy is more than $75,000.

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

## FACTS OF THE ACCIDENT

17. Upon information and belief, on June 23, 2023, at or about 5:08 p.m., Mr. Franklin was driving a 2016 Polaris RZR ("UTV") heading east on SR 2797 when a 2005

Dodge vehicle driven by Robert R. Freeman, III, failed to travel on the right side of the road hit Mr. Franklin.

18.   Upon information and belief, Mr. Franklin was taken by Buncombe County EMS to Mission Hospital in Asheville, North Carolina after the accident.

## NO FURTHER UIM COVERAGE UNDER THE POLICIES

19.   The Homeowners Policy is a North Carolina policy issued to Defendants for insuring the Mountain House, which is located in North Carolina.

20.   Owners only issued a homeowners policy to Defendants and did not issue any automobile insurance policy to Defendants.

21.   The Homeowners Policy includes a Personal Articles Floater Endorsement which provides, in pertinent part, as follows:

*PERSONAL ARTICLES FLOATER ENDORSEMENT*

*...*
*1. INSURING AGREEMENT*
*This insurance is subject to the provisions of this endorsement and the compatible provisions of the policy to which it is attached. The provisions of this endorsement supersede any provisions to the contrary.*
*...*
*3. COVERAGE*
*Coverage of the policy to which this endorsement is attached does not apply to property covered by this endorsement.*
*The following coverage is added for purposes of this endorsement only. For an additional premium, we cover:*
*a. personal property for which a limit of insurance is shown in the Declarations or Schedule; and*
*b. newly acquired jewelry, furs, collectibles, cameras, computers, musical instruments and unmanned aircraft that you acquire during the policy term.*
*...*
*4. PERILS INSURED AGAINST*
*We insure against direct physical loss except for losses excluded.*
*...*

22. The Personal Articles Declarations of the Homeowners Policy identifies the UTV under "Grounds Care Vehicles Class" and with a limit of insurance of $7,500.

23. Upon information and belief, the UTV was principally garaged in North Carolina.

24. The Personal Articles Floater Endorsement specifically states that it is the only endorsement that applies to the UTV.

25. Pursuant to the Personal Articles Floater Endorsement, the UTV is insured against direct physical loss, not liability.

26. There is no UIM coverage available to Defendants under the Homeowners Policy.

27. The Personal Auto Policy was issued to Defendants in South Carolina.

28. The Personal Auto Policy provides, in pertinent part, as follows:

*AUTOMOBILE INSURANCE POLICY*
*...*
*SECTION I – DEFINITIONS*
*1. Automobile means a private passenger automobile, a truck, truck tractor, trailer, farm implement or other land motor vehicle.*
*...*
*13. Your automobile means the automobile described in the Declarations.*
*...*
*UNDERINSURED MOTORIST COVERAGE*

*...*
*2. COVERAGE*
*a. We will pay compensatory damages, including, but not limited to loss of consortium, any person is legally entitled to recover from the owner or operator of an underinsured automobile because of:*
*(1) bodily injury sustained while occupying an automobile which is covered by SECTION II – LIABILITY COVERAGE of this policy;*
*...*
*b. This coverage is extended to you, if an individual as follows:*

*(1) We will pay compensatory damages, including but not limited to loss of consortium, you are legally entitled to recover from the owner or operator of any underinsured automobile because of bodily injury you sustain:*
*(a) when you are not occupying an automobile that is covered by SECTION II – LIABILITY COVERAGE of the policy; or*
*(b) when you are not occupying any automobile.*
*...*
*4. LIMIT OF LIABILITY*
*a. Our limit of liability for Underinsured Motorist Coverage shall not exceed the lowest of the following:*
*(1) the amount by which the compensatory damages, including but not limited to loss of consortium, because of bodily injury or property damage exceed the total limits of all liability bonds and liability insurance policies available to the owner or operator of the underinsured automobile at the time of the occurrence; or*
*(2) the Limits of Liability stated in the Declarations for Underinsured Motorist Coverage as follows:*
*(a) we will pay compensatory damages, including but not limited to loss of consortium, because of bodily injury up to the Limit of Liability stated in the Declarations as follows:*
*1) the limit stated for "each person" is the amount of coverage and the most we will pay for all compensatory damages, including but not limited to loss of consortium, because of or arising out of bodily injury to one person in any one occurrence.*
*...*
*However, if the policy insures more than one your automobile for this coverage, our limit of liability for injury to only you and your relative is as follows:*
*...*
*2) If you or a relative is injured while occupying your automobile:*
*...*
*3) If you or a relative is injured while occupying an automobile owned by you or a relative that is not scheduled on the Declarations for this policy and which is insured under a separate policy with at least the applicable limit required by the South Carolina Motor Vehicle Financial Responsibility Act:*
*...*

29.     The Declarations Page of the Personal Auto Policy provides a limit of insurance of $250,000 for each person for bodily injury.

30.     Auto-Owners has already tendered and paid the limit of insurance, $250,000, in UIM coverage available under the Personal Auto Policy.

31.     Defendants are not entitled to stacking of UIM coverage in this case.

32. The Personal Auto Policy insures two vehicles, and one golf cart, none of which is the UTV.

33. In addition, upon information and belief, the UTV is not insured under a separate auto policy.

34. There is no additional UIM coverage available to Defendants under the Personal Auto Policy.

35. The UTV is not subject to any compulsory motor vehicle insurance law.

36. The policies do not provide any additional UIM coverage for Defendants' claim beyond the $250,000 already tendered and paid by Auto-Owners under the Personal Auto Policy.

## COUNT ONE
### (Declaratory Judgment)

37. Plaintiffs hereby incorporate by reference all above allegations as if fully set forth herein.

38. There exists an actual, substantial and justiciable issue in controversy between the parties with respect to the obligations, or lack thereof, of Plaintiffs concerning UIM coverage to Defendants under the policies in connection with Defendants' claim in relation to the June 23, 2023 accident.

39. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Plaintiffs have no adequate remedy at law which will resolve the current controversy.

40. Plaintiffs hereby assert application of all of the terms, provisions, conditions, exclusions, and other language of the policies as a basis for the contention set forth herein that Defendants are not owed any further UIM coverage by Plaintiffs for the June 23, 2023 accident.

41. Plaintiffs pray the Court enter a Declaratory Judgment that they do not have any further obligation to pay any money to Defendants for their claim under the policies.

WHEREFORE, Plaintiffs pray for relief as follows:

a. For a declaration that Plaintiffs do not have any further obligation to make any payment under the policies;

b. For an award of attorneys' fees and costs pursuant to law; and

c. For such other and further relief as the Court may deem just and proper.

This the 21st day of May, 2026.

_\_/s/ Tien K. Cheng_____
Tien K. Cheng
N.C. State Bar No: 49127
Attorney for Auto-Owners Insurance Company and Owners Insurance Company
McAngus Goudelock & Courie, PLLC
4130 Parklake Ave., Suite 550
Raleigh, North Carolina 27612
**Mailing Address:** P.O. Box 30516
Raleigh, North Carolina 27622
(919) 719.8200
tien.cheng@mgclaw.com